# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00595-CV

## In re Ronald Rudolph Rodriguez

### ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Ronald Rudolph Rodriguez was previously convicted of possession of a controlled substance in a correctional facility and possession of a controlled substance. In 2018, this Court reversed the trial court's prior judgments of conviction and remanded the case for a new punishment hearing. *See Rodriguez v. State*, No. 03-18-00260-CR, 2018 WL 6425018, at *1, *14 (Tex. App.—Austin Dec. 7, 2018, pet. ref'd) (mem. op., not designated for publication). On November 17, 2021, a new sentencing hearing was held. After the hearing, Rodriguez filed an original proceeding with this Court asserting that he was sentenced to a life sentence during the hearing and seeking to be released from Comal County Jail and from the custody of the Comal County Sheriff's Office and Comal County Sheriff Mark Reynolds. *See* Tex. Penal Code § 12.42 (setting out penalties for habitual felony offenders).

To the extent that Rodriguez is seeking habeas relief in his filing, we lack jurisdiction over his request. This Court's original jurisdiction to issue a writ of habeas corpus is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree in a civil case. *See* Tex. Gov't Code § 22.221(d). For criminal

matters, "our habeas corpus jurisdiction is appellate only," *see In re Wood*, No. 03-16-00651-CV, 2016 WL 6575240, at *1 (Tex. App.—Austin Nov. 2, 2016, orig. proceeding) (mem. op.), and nothing in Rodriguez's filing indicates that he sought any habeas relief from the trial court.

To the extent that Rodriguez's filing can be construed as a petition for writ of mandamus, we note that this Court's mandamus jurisdiction is expressly limited to: (1) writs against certain types of trial-court judges in this Court's district, and (2) all writs necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221. Neither the Comal County Sheriff's Office nor Sheriff Mark Reynolds is a party against whom we may issue a writ of mandamus. *See In re Esthay*, No. 03-15-00217-CV, 2015 WL 1778475, at *1 (Tex. App.—Austin Apr. 15, 2015, orig. proceeding) (mem. op.). Further, Rodriguez has not demonstrated that issuing a writ of mandamus in this case is necessary to enforce our jurisdiction.

For these reasons, we dismiss the original proceeding for want of jurisdiction.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Smith

Filed: December 3, 2021

2